## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALLEN WILLIFORD and LYNDA
WILLIFORD,

      Plaintiffs,

v.                               Case No: 8:21-cv-2240-CEH-AEP

SYNGENTA CROP PROTECTION,
LLC, CHEVRON U.S.A. INC. and
COUNCIL-OXFORD, INC.,

      Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiffs' Emergency Motion for Remand (Doc. 12), filed on October 5, 2021. In the motion, Plaintiff seeks an order remanding this action to state court and an award of fees for Defendant's removal without an objectively reasonable basis. Defendant Syngenta Crop Protection, LLC ("Syngenta") filed a response in opposition. Doc. 18. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiffs' Emergency Motion for Remand and deny their request for fees.

## BACKGROUND

This case arises out of Plaintiff Allen Williford's exposure to Paraquat in the 1970s and 1980s, while working as a farmer in Florida. Doc. 1-1 ¶¶ 24, 71. Plaintiff sues Defendants for negligent research, testing, design, manufacturing, marketing, and sale of Paraquat which is alleged to be a highly toxic substance that can cause severe

neurological injuries and impairments. *Id.*¶ 5. Paraquat is a "restricted use pesticide" under federal law, *see* 40 C.F.R. § 152.175, which means it is "limited to use by or under the direct supervision of a certified applicator." Doc. 1-1 ¶ 52. Plaintiff alleges the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), which regulates the distribution, sale, and use of pesticides within the U.S., requires that pesticides be registered with the U.S. Environmental Protection Agency ("EPA") prior to their distribution, sale, or use, except as described by FIFRA. *Id.* ¶ 50 (citing 7 U.S.C. § 136a(a)).

Defendant Chevron U.S.A., Inc. is the successor-in-interest to Chevron Chemical Company, a Delaware corporation, that had exclusive rights to distribute and sell Paraquat in the United States. *Id.* ¶¶ 13, 14, 15. Defendant Syngenta Crop Protection, LLC, is headquartered in Greensboro, North Carolina. Doc. 1 ¶ 16. Its sole member is Syngenta Seeds, LLC, whose sole member is Syngenta Corporation, a Delaware corporation. *Id.* Syngenta and its predecessors in interest sold and distributed and continue to sell and distribute Paraquat in the United States, including Florida. Doc. 1-1 ¶ 19. Defendant Council-Oxford, Inc. ("Council-Oxford"), is a Florida corporation, that marketed, sold, and distributed Paraquat products in Florida for use in Florida, including those purchased by Plaintiff. *Id.* ¶¶ 23, 67.

As alleged in the Complaint, Plaintiff was exposed to Paraquat in Florida (1) when it was mixed, loaded, applied and/or cleaned; (2) as a result of spray drift; and (3) as a result of contact with sprayed plants. *Id.* ¶ 24. It was reasonably foreseeable that Paraquat could enter the human body through absorption or penetration of the

skin; through the olfactory bulb; through respiration into the lungs; and through ingestion of small droplets entering through the nose or mouth. *Id.* ¶ 26. Plaintiff alleges that epidemiological studies have found exposure to Paraquat significantly increases the risk of contracting Parkinson's disease, a progressive neurodegenerative disorder of the brain. *Id.* ¶¶ 29, 48.

Plaintiff, who is a resident of Riverview, Florida, worked as an agricultural worker in the 1970s and 1980s where he personally sprayed, mixed, loaded and/or cleaned Paraquat. *Id.* ¶¶ 69, 71. During this time, he was exposed to Paraquat that was manufactured and distributed by Defendants. *Id.* ¶¶ 72, 73. Once the Paraquat was absorbed into his body and entered his bloodstream, it attacked his nervous system and was a substantial factor in causing him to suffer from Parkinson's disease. *Id.* ¶ 73. Plaintiff was diagnosed with Parkinson's disease in 2021. *Id.* ¶ 74.

On July 29, 2021, Plaintiff Allen Williford and his wife, Lynda Williford, filed suit against Defendants in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Doc. 1-1. In their Complaint, Plaintiffs assert six causes of action under Florida law for strict products liability/design defect (Count I); strict products liability/failure to warn (Count II); negligence (Count III); breach of implied warranty of merchantability (Count IV); punitive damages (Count V); and loss of consortium (Count VI). *Id.* On September 22, 2021, Defendant Syngenta removed the case from state court to this Court. Doc. 1. In its notice of removal, Syngenta posits that Plaintiff filed this case in state court to avoid the multidistrict litigation ("MDL") pending in the Southern District of Illinois. Doc. 1 at 2 (citing *In re: Paraquat Prods. Liab. Litig.*, 21-

3

md-03004 (S.D. Ill. 2021)). According to Syngenta, the MDL is in its early stages and involves 250 similar cases alleging Parkinson's disease due to Paraquat exposure. Doc. 1 at 2.

Syngenta contends first that jurisdiction is proper in this Court based on diversity of citizenship. Syngenta urges that the Court must ignore the Florida citizenship of Defendant Council-Oxford whom Syngenta argues was fraudulently joined. Alternatively, Syngenta argues the Court's jurisdiction is invoked because Plaintiffs' claims arise under federal law, namely FIRFA and the EPA. On October 5, 2021, Plaintiffs moved to remand this action to state court arguing removal was improper. Doc. 12. Plaintiffs submit remand is warranted because the parties are not diverse, and Council-Oxford has not been fraudulently joined. Further, Plaintiffs contend their claims do not arise under federal law. Plaintiffs seek attorney's fees for Defendant's improvident removal.

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411–412 (11th Cir. 1999) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter

4

jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

## DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

## A.     Diversity of Citizenship is Lacking

Plaintiffs move to remand this action because the Court lacks diversity jurisdiction. Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).[1] In

---

[1] There is no dispute the amount in controversy has been satisfied.

order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Here, Plaintiffs are citizens of Florida and Defendant Council-Oxford is a citizen of Florida. Thus, the parties are not diverse.

The doctrine of fraudulent joinder provides an exception to this diversity of citizenship requirement. *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003). Fraudulent joinder is found in three situations: (1) when there is no possibility that a plaintiff can prove its claims against a non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; and (3) when a "diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360(11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot*, 204 F. 3d 1069 (11th Cir. 2000) (holding that misjoinder may be "so egregious as to constitute fraudulent joinder."). "When a plaintiff names a non-diverse defendant solely in order to defeat diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

Syngenta argues Plaintiffs' sole basis for joining Council-Oxford, a Florida citizen, is to defeat diversity. Plaintiffs contend Council-Oxford is an indispensable

6

party that cannot be dismissed from the case to keep the case in federal court. Moreover, a plaintiff's joinder of a non-diverse defendant is proper where it satisfies the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2). Rule 20(a)(2) allows defendants to be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B).

The "burden of proving" fraudulent joinder rests on the removing party, *Tran*, 290 F. Supp. 2d at 1293; and is a "heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citation omitted); *see also Legg v. Wyeth*, 428 F.3d 1317, 1322–1323 (11th Cir. 2005). In resolving a claim of fraudulent joinder, the court will proceed in a fashion "similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Tran*, 290 F. Supp. 2d at 1293 (quoting *Crowe*, 113 F.3d at 1538). Relevant here, fraudulent joinder would exist if there is no possibility that Plaintiffs can prove their claims against the nondiverse

7

Defendant, Council-Oxford. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted).

In their Complaint, Plaintiffs allege that Council-Oxford was a distributor and seller of the Paraquat products in the State of Florida and sold the products to Plaintiff who suffered injuries as a result. Doc. 1-1 ¶¶ 22, 23, 66, 67, 79. Syngenta, who bears the burden of establishing the propriety of removal, fails to refute that Council-Oxford is a Florida citizen, fails to refute that Council-Oxford sold and distributed Paraquat to Plaintiff, and fails to meet its burden of demonstrating Council-Oxford was fraudulently joined. Based on the Court's consideration of the allegations of the Complaint in the light most favorable to the Plaintiffs, the Court cannot say that there is no possibility that Plaintiffs can prove their claims against the nondiverse Council-Oxford. Syngenta has failed to establish that Council-Oxford was fraudulently joined. Having considered Council-Oxford's Florida citizenship, the Court concludes that jurisdiction based on diversity of citizenship is lacking.

**B.    Plaintiffs' Claims Do Not Arise Under Federal Law**

In its Notice of Removal, Syngenta alternatively argues jurisdiction is proper because Plaintiffs' claims arise under federal law. When evaluating whether a case arises under federal law, this Court "is guided by the 'well-pleaded complaint' rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908))*; see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)

("[T]he question whether a claim 'arises under' federal law [for purposes of removal] must be determined by reference to the 'well-pleaded complaint.'").

Here, it is undisputed that Plaintiffs have alleged purely state law causes of action. And, as Plaintiffs point out, Congress has made a determination that there is no federal cause of action under FIFRA and state law causes of action remain. Doc. 12 at 11 (citing *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 448, (2005) ("although FIFRA does not provide a federal remedy to farmers and others who are injured as a result of a manufacturer's violation of FIFRA's labeling requirements, nothing in § 136v(b) precludes States from providing such a remedy)). Thus, even if Plaintiffs wanted to bring a FIFRA claim, they likely could not.

## C.    Stay is Unwarranted

In response to the motion to remand, Syngenta urges the Court to stay consideration of the remand issue as the Southern District of Florida recently did in a similar case. Doc. 18 at 1. In considering the instant motion for remand while a request to stay is pending, this Court finds the rationale recently articulated by District Judge Steele to be well-reasoned:

> In analyzing competing motions for stay and for remand against the backdrop of a likely imminent transfer to MDL proceedings, . . . this Court explained that . . . "a court should first give preliminary scrutiny to the merits of the motion to remand and . . ., if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." [*Betts v. Eli Lilly & Co.*, 435 F. Supp.2d 1180, 1182 (S.D. Ala. 2006)] . . .; *see also Wagner v. Volkswagen Group of America, Inc.*, 2016 WL 916421, *2 (S.D. Ala. Mar. 10, 2016) ("If the transferor court, upon preliminary

consideration, finds the jurisdictional issue to be straightforward, it should decide the motion to remand.").

*Poarch Band of Creek Indians v. Amneal Pharms., LLC*, No. CV 20-0279-WS-B, 2020 WL 3833009, at *4 (S.D. Ala. July 8, 2020). The Court finds the issue of remand to be straight forward here.  After careful consideration, this Court is not convinced that any of the allegations or arguments contained in the Notice of Removal or Response in Opposition to the Motion to Remand present an appropriate basis to exercise this Court's jurisdiction. "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 409. And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. Syngenta has not met its burden of establishing diversity based on a fraudulent joinder theory. Moreover, Plaintiffs' Complaint, which asserts only state law causes of action, does not arise under federal law. Because neither diversity of citizenship nor a federal question exists, the Court lacks subject matter jurisdiction. The motion to remand is due to be granted.

## D.    Attorney's Fees

Plaintiffs move for an award of attorney's fees under 28 U.S.C. § 1447(c) arguing Defendant lacked an objectively reasonable basis for seeking removal. Because at least 250 related cases against Defendant are pending in federal court in the Paraquat multidistrict litigation and in light of a recent ruling from the Southern District to stay consideration of a remand motion pending a decision from the Paraquat MDL court

regarding transfer of these types of cases, the Court cannot say that Defendant was wholly unreasonable in its attempt to remove this action.

Accordingly, it is

**ORDERED**:

1.     Plaintiffs' Emergency Motion for Remand (Doc. 12) is **GRANTED in part**. Plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**.

2.     This action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 21-CA-006219, as this court lacks subject matter jurisdiction.

3.     The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

4.     The Clerk is further directed to terminate any pending deadlines and motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on November 5, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any